# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GEORGETTA FRANCIS MULLINS,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0196**  (BOR Appeal No. 2047760)
(Claim No. 2011041603)

**LOGAN COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Georgetta Francis Mullins, by John Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Logan County Board of Education, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 11, 2013, in which the Board affirmed a September 21, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 9, 2011, decision closing Ms. Mullins's claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Mullins sustained right elbow and right forearm contusions on June 9, 2011, while moving a desk in the course of her employment as a custodian with the Logan County Board of Education. The claims administrator closed Ms. Mullins's claim for temporary total disability benefits on August 9, 2011. On August 31, 2011, Prasadarao Mukkamala, M.D., performed an independent medical evaluation and found that Ms. Mullins had reached maximum medical improvement with regard to the June 9, 2011, injury. On September 28, 2011, Robert McCleary,

1

D.O., Ms. Mullins's treating physician, provided her with a work excuse indicating that she should refrain from working until November 28, 2011.

In its Order affirming the August 9, 2011, claims administrator's decision, the Office of Judges held that a preponderance of the evidence fails to demonstrate that Ms. Mullins is entitled to temporary total disability benefits as a result of the June 9, 2011, injury. Ms. Mullins disputes this finding and asserts that the evidence of record demonstrates that she is entitled to temporary total disability benefits in conjunction with the June 9, 2011, injury.

West Virginia Code § 23-4-7a (2005) states that temporary total disability benefits are not paid after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. Dr. Mukkamala found Ms. Mullins to be at maximum medical improvement with regard to the June 9, 2011, injury on August 31, 2011. Further, the Office of Judges found that Ms. Mullins failed to submit any medical evidence indicating that she was not working as a result of the June 9, 2011, injury. The Office of Judges took note of the work excuse authored by Dr. McCleary. However, the Office of Judges found that the work excuse does not indicate the particular injury that is the subject of Ms. Mullins's purported disability, and further found that this is problematic because Dr. McCleary has unsuccessfully attempted to have ulnar neuropathy added as a compensable component of an unrelated claim. The Office of Judges concluded that it is unclear whether Dr. McCleary attributed Ms. Mullins's inability to work to the June 9, 2011, injury or to the unrelated ulnar neuropathy. The Board of Review affirmed the conclusions of the Office of Judges in its decision of February 11, 2013. We agree with the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II